PUEBLO INTERNATIONAL, INC., demandante y recurrido, *v.* HÉCTOR RIVERA CRUZ ET AL., demandados y peticionarios.

*Número:* CE-86-209    *Resuelto:* 9 de mayo de 1986

—O—

Voto particular individual emitido por el Juez Asociado Señor Rebollo López.

El Hon. Guillermo Arbona Lago, Juez del Tribunal Superior de Puerto Rico, Sala de San Juan, remitió a este Tribunal una resolución que emitiera el día 5 de mayo de 1986 en el Caso Civil Núm. 80-6454, referente la misma tanto a una solicitud de inhibición que radicara el honorable Secretario del Departamento de Justicia de Puerto Rico en dicho caso al

amparo de la Regla 63 de las de Procedimiento Civil de 1979 como a "incidentes" que precedieron a la radicación del mencionado escrito.

En lo pertinente, dicha resolución expresa:

En este momento es preciso señalar que al medio día del martes de la semana pasada, 29 de abril de 1986, compareció a mi oficina el Juez Administrador del Centro Judicial de San Juan, compañero Carlos E. Polo y me informó que con él se había comunicado el Secretario Auxiliar de Litigios del Departamento de Justicia, Lic. Felipe Algarín, para transmitirme un mensaje del Secretario de Justicia, Lic. Héctor Rivera Cruz, relativo a mi actuación futura en relación con el caso de epígrafe.

Por tal conducto el Secretario de Justicia me hizo saber y anticipó que de yo no inhibirme "voluntariamente" en la continuación de este caso el Departamento de Justicia radicaría una Moción de Recusación predicada en dos fundamentos:

1. Que el hermano del juez que suscribe se encuentra en la actualidad sujeto a investigación por parte del Departamento de Justicia.
2. Que la esposa de este juez, Lic. Diana Azizi de Arbona, es asesora legal de "El Amal".

.      .      .      .      .      .      .      .

En relación con el señalamiento y mensaje de que el que suscribe debe abstenerse "voluntariamente" de continuar atendiendo en este caso por razón de que un hermano del que suscribe pueda o no estar bajo investigación por el Departamento de Justicia, entendemos [que] constituye una impermisible amenaza de naturaleza chantajista que bajo ningún concepto el juez suscribiente puede tan siquiera considerar y por tanto, fue rechazada con indignación y la más profunda convicción, en el mismo momento y por el mismo conducto en que recibimos tan impropia y tendenciosa invitación.

Una mayoría de los Señores Jueces de este Tribunal [1] ha entendido procedente no actuar *en estos momentos* sobre

---

[1] Acuerdo tomado en el "pleno" del Tribunal. El Hon. Juez Asociado Antonio Negrón García se inhibió de participar en el caso. El Hon. Juez Asociado Federico Hernández Denton no interviene.

la misma, por entender que la situación no está "madura". Respetamos su decisión a esos efectos; no compartimos la misma sin embargo. Somos del criterio que el asunto planteado por la referida resolución amerita la más pronta y enérgica actuación por parte de este Tribunal en el ámbito de su jurisdicción disciplinaria como consecuencia de su poder inherente de reglamentar la profesión de abogado. La investigación a ser realizada esclarecería la situación, *poniéndole coto a una situación que no beneficia a nadie,* fijando responsabilidades, *si es que las mismas son procedentes,* sobre aquellos funcionarios del Departamento de Justicia de Puerto Rico y los miembros de la judicatura que tuvieron participación en los incidentes a que hace referencia la resolución emitida. [2]

La resolución en controversia fue emitida por un juez del Tribunal Superior de Puerto Rico, la misma va dirigida al Señor Secretario de Justicia de Puerto Rico, y contiene graves y serias imputaciones que dependiendo del resultado final pueden constituir violaciones a los Cánones de Ética Profesional [3] o a los Cánones de Ética Judicial. [4] Permitir que el asunto planteado permanezca en el "limbo jurídico" por un tiempo indefinido le hace un grave daño al sistema de justicia en Puerto Rico.

El Señor Secretario de Justicia es el abogado del Pueblo de Puerto Rico. Su reputación como abogado y su buen nombre han sido puestos en entredicho por la resolución en controversia. Dicho funcionario tiene derecho, si es que no cometió los actos que se le imputan, a ser exonerado lo más rápidamente posible con el propósito de que sus funciones no se vean afectadas y los intereses del Pueblo de Puerto Rico, los cuales

---

[2] Hay que recordar que en este incidente participaron otras personas además del honorable Secretario de Justicia y el Hon. Juez Guillermo Arbona Lago. La investigación que se sugiere más adelante debe evaluar igualmente la conducta de éstos.

[3] Cánones 9 y 11 de los de Ética Profesional.

[4] Cánones III, IV, XI, XV y XXIII de los de Ética Judicial.

él representa, no se perjudiquen. Por otro lado, el señor Juez Arbona Lago es un funcionario de carrera que ocupa una importante posición dentro del Sistema Judicial puertorriqueño y tiene derecho a que sus señalamientos sean evaluados y considerados formalmente por este Tribunal. Por último, no debemos perder de vista ni descartar la posibilidad de que la investigación demuestre que todo este enojoso asunto haya sido el producto de un malentendido.

En resumen, somos del criterio que el momento para actuar es ahora; el asunto así lo amerita.

Certifíquese y notifíquese.

Certifico que el anterior es el voto particular individual emitido por el Señor Juez Asociado Francisco Rebollo López.

(*Fdo.*) Heriberto Pérez Ruiz
*Secretario Interino*